**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Philip A. Tenerelli, Jr., | ) | |
| Plaintiff, | ) ) ) | FILED: MAY 1, 2009 |
| v. | ) | No. 09CV2651 |
| | ) | JUDGE MAROVICH |
| Cardworks Servicing, LLC, a Delaware limited liability company, | ) ) ) | MAGISTRATE JUDGE VALDEZ BR |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Philip A. Tenerelli, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Philip A. Tenerelli, Jr. ("Tenerelli"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a credit card from E*Trade Financial Bank.

4. Defendant, Cardworks Servicing, LLC ("Cardworks"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Cardworks was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Tenerelli.

## FACTUAL ALLEGATIONS

5. On October 13, 2005, Mr. Tenerelli filed a Chapter 13 bankruptcy petition in a matter styled In re: Tenerelli, N.D. Ill. Bankr. No. 05-53387. Among the debts listed on Schedule F of Mr. Tenerelli's bankruptcy petition was a debt the he had owed for the E*Trade credit card. See, excerpt of bankruptcy petition attached as Exhibit A.

6. On October 18, 2005, E*Trade Financial Bank was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Original Chapter 13 Plan, which is attached as Exhibit B.

7. On October 23, 2005, E*Trade Financial Bank was again sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8. In fact, on November 10, 2005, E*Trade Financial Bank filed a Proof of Claim with the bankruptcy court in Mr. Tenerelli's bankruptcy matter. A copy of this document is attached as Exhibit D.

9. On October 17, 2008, Mr. Tenerelli received a discharge from his bankruptcy. On October 19, 2008, E*Trade Financial Bank was sent notice of the

discharge by the court, via U.S. Mail, <u>see</u>, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit <u>E</u>.

10. Nonetheless, Defendant Cardworks sent Mr. Tenerelli a collection letter, dated March 20, 2009, claiming that Mr. Tenerelli owed $6,009.63 for the E*Trade credit card debt and demanding that he pay that debt. A copy of this collection letter is attached as Exhibit <u>F</u>.

11. All of Defendant Cardworks' collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692e Of The FDCPA --
Demanding Payment Of A Debt That Is Not Owed**

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, <u>see</u> 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

15. Falsely stating that the amount of the debt was $6,009.63, when, in fact, the amount of the debt was zero because it had been resolved through the bankruptcy court's claims payment process is a further false, deceptive or misleading statement that violates § 1692e of the FDCPA.

16. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Philip A. Tenerelli, Jr., prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Tenerelli, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Philip A. Tenerelli, Jr., demands trial by jury.

                                         Philip A. Tenerelli, Jr.,

                                         By:<u>/s/ David J. Philipps</u>
                                         One of Plaintiff's Attorneys

Dated: May 1, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

4